Amanda F. Benedict, Ca. Bar No. 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Telephone:  (760) 822-1911
Facsimile:  (760) 452-7560
amanda@amandabenedict.com

Steven L. Woodrow* Co. Bar No. 43140
Patrick H. Peluso* Co. Bar No. 47642
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

*Attorneys for Plaintiff and the putative Classes*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STANLEY JONES,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**ACCREDITED DEBT RELIEF, LLC,** a California limited liability company, and **BEYOND FINANCE, INC.,** a Delaware corporation<br><br>*Defendants.* | Case No. **'19 CV 2144 GPC MDD**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CLASS ACTION COMPLAINT

Plaintiff Stanley Jones ("Jones" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Accredited Debt Relief, LLC ("Accredited" or "Defendant Accredited") and Defendant Beyond Finance, Inc. ("Beyond" or "Defendant Beyond") to stop the Defendants from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, including text messages that were sent to phone numbers registered on the National Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of both Accredited and Beyond. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1.    Accredited connects consumers with debt relief programs, functioning as a debt relief consultant.[1]

2.    Beyond is a financing corporation that provides debt relief and debt consolidation programs to consumers.[2]

---

[1] https://www.accrediteddebtrelief.com
[2] https://beyondfinance.com/#how-it-works

3.      Accredited functions as a lead generator for Beyond, providing Beyond with consumers that qualify for Beyond's debt relief and consolidation programs.

4.      Accredited runs an affiliate program so that it can generate leads for itself and on behalf of Beyond.

5.      Part of Accredited's marketing plan uses affiliates includes sending text messages *en masse* to consumers.

6.      Such text messages are sent using an autodialer without the necessary express written consent.

7.      Plaintiff received 2 autodialed text messages to his cellular phone from Defendant Accredited, despite having his phone number registered on the DNC.

8.      In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Accredited to cease from sending unsolicited, autodialed text messages to consumers' cellular telephone numbers on behalf of Beyond, and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Class.

**PARTIES**

9.      Plaintiff Jones is a Campbellsburg, Kentucky resident.

10.     Defendant Accredited is a California company with its head office located in San Diego, California. Accredited does business throughout this District, California, and the United States.

11.     Defendant Beyond is a Delaware corporation with its head office located in Houston, Texas. Beyond does business throughout this District, Texas, and the United States.

## JURISDICTION AND VENUE

12.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

13.     This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Accredited has its headquarters in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### Accredited Generates Leads on Behalf of Beyond

14.     Accredited states clearly on its website that it is an affiliate of Beyond Finance, Inc.:

> \* Accredited Debt Relief LLC is an affiliate of Beyond Finance, Inc. Beyond Finance, Inc., is a servicing provider for most debt settlement services offered by Accredited Debt Relief. Beyond Finance's clients who make all monthly program payments pay approximately 68%-75% of enrolled debt (including fees) upon successful program completion. Programs range from 12-48 months. On average, Clients receive their first settlement within [3]

15.    Based on the language provided above, it is clear that Accredited generates leads for Beyond.

### Accredited Uses Affiliates to Generate Leads for Beyond

16.    Accredited generates leads through a number of sources including the use of affiliates.

17.    On its website, Accredited describes its affiliate program, which allows affiliates to earn money for qualified leads:

## Affiliate Program

**Join The Accredited Debt Relief Program And Get Paid Top Dollar For Helping Consumers Get Help With Their Debt**

We have a dedicated affiliate marketing/partner division that provides full-time service and is committed to serving our teammates and clients. If you have any questions about our program please contact us at info@acrelief.com or call 619-618-1122!

• Earn Money Per Qualified Free Debt Relief Quote Request With Our Pay Per Lead Program
• Short 6 Field Form Takes One Minute To Complete
• Earn Money Per Qualified Free Debt Relief Phone Call With Our Pay Per Call Program
• Earn Money with our Pay Per Sale Program. Contact Us for more details.
• Earn Money and an Override on Commissions on All Affiliates You Refer
• Ongoing Training and Resources To Maximize Lead Conversions

Accredited Debt Relief has helped thousands of consumers get help with their unsecured debts and we offer consumers one of the lowest cost ways out of credit card debt. Qualified leads must have at least $10,000 in unsecured credit card debt, live in a qualified state, and be looking for help with their debt. We have a strong reputation in the industry and we are accredited by the Better Business Bureau, the International Association of Professional Debt Arbitrators and the American Fair Credit Council.

Join our high paying debt consolidation/debt settlement affiliate program today!

Please contact us at info@acrelief.com or via phone at 619-618-1122.

---

[3] https://www.accrediteddebtrelief.com/

4

18.     Accredited maintains control over its affiliate program by screening its affiliates.

**Accredited Uses Affiliates that Solicit Consumers Using an Autodialer**

19.     In sending the unsolicited text messages at issue, Defendant Accredited, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "STOP," the text messages' commercial and generic content, that they were sent without consent, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

**Accredited and Beyond Are Vicariously Liable for the Autodialed Solicitation Text Messages That Are Sent Out by Accredited's Affiliates For the Benefit of Beyond to Phone Numbers Registered on the DNC**

20.     Accredited exerts control over its affiliates through its screening process and by providing its affiliates with landing pages.

---

[4] https://www.accrediteddebtrelief.com/affiliate-program/

21.     For example, the text message that Plaintiff received directs him to visit https://www.accrediteddebtrelief.com/landing-pages/12/.

22.     Accredited pays its affiliates for leads. By paying for these leads, Accredited ratifies the methods used by its affiliates to acquire those leads.

23.     Beyond has an Affiliate Marketing Manager who "works closely with [its] affiliates/lead gen partners to manage [lead] volume, quality, and cost."[5] This manager is directly involved in the campaigns run by and on behalf of Beyond.

24.     There are numerous complaints posted online regarding unsolicited telemarketing that has been done by Accredited's affiliates. This complaint is an example from June 13, 2019:

> "Unsolicited call. ***On do not call list.*** They use a third party robo caller from india to get around the do not call list and that third party employs an avr system to make cold robo calls. Once the avr is satisfied it connects the call to Accredited. This is detestable."[6] (Emphasis added.)

25.     Through its Affiliate Marketing Manager, Beyond should be aware of the unsolicited telemarketing that Accredited's affiliates are engaged in.

26.     However, Beyond and Accredited both benefit by having Accredited's telemarketing outsourced to affiliates.

---

[5] https://www.linkedin.com/jobs/view/affiliate-marketing-manager-at-beyond-finance-inc-1235542951/
[6] https://www.bbb.org/us/ca/san-diego/profile/debt-relief-service-referral/accredited-debt-relief-1126-172000797/complaints

27.     Outsourcing the telemarketing does not absolve Beyond and Accredited from liability.

28.     The Federal Communication Commission has provided instruction stating that sellers such as Beyond and Accredited many not avoid liability by having their telemarketing outsourced:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activies to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declatory Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted).*

29.     By continuing to use Accredited as an affiliate itself, Beyond has ratified the methods Accredited uses to procure new clients, which includes unsolicited autodialed text message marketing by the affiliates of Accredited, and which includes multiple text messages sent to phone numbers that are registered on the DNC.

**Plaintiff Received Unsolicited Autodialed Text Messages to
His Cell Phone Despite Having His Phone Number Registered on the DNC**

30.     On April 21, 2017, Plaintiff Jones registered his cell phone number on the DNC.

31.     Plaintiff Jones uses his cell phone for personal use only. It is not used for business purposes.

32.     On July 4, 2019 at 12:37 PM, Plaintiff Jones received an autodialed text message on his cell from, or on behalf of Defendant using shortcode 410-100-026:



33.     Clicking on easy.wecanhelpfixyourcredit.com leads directly to the Accredited Debt Relief website, more specifically

https://www.accrediteddebtrelief.com/free-quote/?affiliate_id=14&offer_id=40&subid1=5996&subid2=262&subid3=102174 4f6f38cfe9737b4bf1a8ef11&subid4=&subid5=&click_id=bljsutnqokqsds1qbv3g&

request_id=2-

bkhl4vhj879sdnmjjeog&campaign_id=1328&utm_medium=affiliate&utm_source

=14&utm_campaign=16-1328.[7]

34.    The registry information for wecanhelpfixyourcredit.com is private.

35.    On July 30, 2019 at 7:24 PM, Plaintiff Jones received a second

autodialed text message on his cell phone from, or on behalf of Defendant, this

time using shortcode 410-200-534:



[7] Link tracker using Charles – (acreliefnetwork.com forwards directly to accrediteddebtrelief.com.) The other URL's shown in the image are for the sake of link tracking or unrelated to this case.

36.     Clicking on 2kp9p4yngu17.donatesensation.info leads directly to:

https://www.accredeteddebtrelief.com/landing-

pages/12/?affiliate_id=14&offer_id=40&subid1=5996&subid2=336&subid3=1027

40f97814f52b2549430b2c362e&subid4=&subid5=&click_id=bl0os9esaf8sdgjs07c

0&request_id=2-

bkhl4vhj879sdnmjjeog&campaign_id=1328&utm_medium=affiliate&utm_source

=14&utm_campaign=16-1328.[8]

37.     The registry information for donatesensation.info is also private.

38.     Both of the unsolicited, autodialed text messages that Plaintiff

received lead to the following landing page on AccreditedDebtRelief.com:



[8]     - Link tracker using Charles – (acreliefnetwork.com forwards directly to accredeteddebtrelief.com.) The other URL's shown in the image are for the sake of link tracking.



39.    The above referenced landing page shows the direct connection between Accredited and Beyond in the footer of the website which reads:

Terms of Service | Privacy Policy | E-Sign Consent | Unsubscribe

*Accredited Debt Relief LLC is an affiliate of Beyond Finance, Inc. Beyond Finance, Inc., is a servicing provider for most debt settlement services offered by Accredited Debt Relief. Beyond Finance's clients who make all monthly program payments pay approximately 68%-75% of enrolled debt (including fees) upon successful program completion. Programs range from 12-48 months. On average, Clients receive their first settlement within 3-5 months of enrollment. Not all Clients complete the program. Estimates are based on prior results and may not match your results. We cannot guarantee that your debts will be resolved for a specific amount or percentage or within a specific timeframe. We do not assume your debts, make monthly payments to creditors or provide tax, bankruptcy, accounting, legal advice or credit repair services. Program is not available in all states; fees may vary by state. The use of debt settlement services will likely adversely affect your credit. You may be subject to collections or lawsuits by creditors or collectors. Your outstanding debt may increase from the accrual of fees and interest. Read and understand all program materials prior to enrolling. Additional information for Maryland residents, click here. [10]

---

[9] https://www.accrediteddebtrelief.com/free-quote/
[10] *Id.*

40.    Plaintiff believes that both of the text messages are autodialed and sent *en masse* because the text messages are impersonal in nature and instruct the recipient to interact with them in a way one would interact with an automated program by having a STOP automatic opt-out.

41.    Plaintiff has never given Accredited or Beyond consent to send automated text messages to him.

42.    The unauthorized text messaged that were sent by Accredited, on behalf of Beyond as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Jones's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

43.    Seeking redress for these injuries, Jones, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones, including text messages that were sent to phone numbers registered on the DNC.

///

///

///

///

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claim

44.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants (or an agent acting on behalf of the Defendants) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendants used to text message Plaintiff, (4) for whom the Defendants claim (a) they obtained prior express consent in the same manner as the Defendants claim they supposedly obtained prior express consent to text message Plaintiff, or (b) they did not obtain prior express consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone number, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call, or (b) it did not obtain prior express written consent.

45.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or

former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

46.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

47.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Accredited or its agents used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class on behalf of Beyond;

(b) whether Defendant Accredited or its agents sent more than 1 text message to Plaintiff and the members of the Do Not Call Registry Class on behalf of Beyond;

(c) whether the conduct of the Defendants constitutes a violation of the TCPA; and

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

48.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

49.   **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from

Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodial No Consent Class)

50.     Plaintiff repeats and realleges paragraphs 1 through 49 of this Complaint and incorporates them by reference.

51.     Defendant Accredited and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer on behalf of Beyond.

52.     These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

53.     Defendants' conduct was negligent, wilful, or knowing.

54.     The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

*///*

## FIFTH CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

55.     Plaintiff repeats and realleges the paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

56.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[11]

58.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

---

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

59.     Defendant Accredited or its agents violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members on behalf of Beyond, who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60.     Defendant Accredited or its agents violated 47 U.S.C. § 227(c)(5) on behalf of Beyond because Plaintiff and the Do Not Call Registry Class received more than one telephone call, or text message in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and are entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jones, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jones requests a jury trial.

Respectfully Submitted,

**STANLEY JONES**, individually and on behalf of those similarly situated individuals

Dated: November 7, 2019

By:    /s/ *Amanda Benedict*
       One of Plaintiff's Attorneys

Amanda Benedict
Law Office of Amanda Benedict
7710 Hazard Center Drive, Ste E104
San Diego, CA 92108
Telephone: (760) 822-1911
amanda@amandabenedict.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*